**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

WELEBE W. DEBELA,

    *Plaintiff,*

    v.

ANTONIO DONIS,
Arlington Asylum Office Director, U.S.
Citizenship and Immigration Services,

    *Defendant.*

Case No. 25-cv-0234-ABA

**MEMORANDUM OPINION**

Plaintiff Welebe W. Debela seeks a writ of mandamus ordering Defendant Antonio Donis to schedule an interview and adjudicate her asylum application. Defendant has moved to dismiss contending that the Court lacks subject matter jurisdiction and that, regardless, Ms. Debela's application has not been pending for an unreasonable period of time. For the reasons that follow, the Court will grant Defendant's motion to dismiss.

**Factual and Procedural Background**

Ms. Debela submitted an application for asylum with the U.S. Citizenship and Immigration Services ("USCIS") on December 28, 2021, because she fears that if she returns to her native country of Ethiopia she will be persecuted. ECF No. 1 ¶¶ 7–8; ECF No. 1-2.[1] USCIS has not yet scheduled an asylum interview for Ms. Debela. ECF No. 1 ¶ 10. Thus, her application has been pending for slightly less than four years and three

---

[1] In her complaint, Ms. Debela contends that she submitted her application on January 28, 2021, but that appears to be a mistake given that the acknowledgment of receipt of the application indicates that it was received by the USCIS on December 28, 2021. ECF No. 1-2.

months. Ms. Debela is able to work in this country while she waits for her interview. ECF No. 7-2 ¶ 24.

Ms. Debela filed her complaint on January 27, 2025 seeking relief under the Mandamus Act, 28 U.S.C. § 1361 and the Administrative Procedures Act, 5 U.S.C. § 551, *et seq.* ("APA"). ECF No. 1. Defendant then filed the pending motion to dismiss or in the alternative for summary judgment, Ms. Debela responded, and Defendant replied. ECF Nos. 7, 8, 10.[2] Defendant argues that the Court lacks subject matter jurisdiction over the Mandamus Act and APA claims and that, regardless, Ms. Debela cannot show that the delay in adjudicating her application is unreasonable under the applicable legal standards.

### Standards of Review

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "The burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). "Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). A Rule 12(b)(1) motion "must be denied if the

---

[2] The Court does not find it necessary to convert the motion to dismiss to a motion for summary judgment.

complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

A complaint must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering such a motion, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

### Discussion

As stated, Defendant challenges Ms. Debela's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).

### A.      Lack of Subject Matter Jurisdiction

The Mandamus Act vests district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Granting the extraordinary remedy of mandamus relief is appropriate only where the plaintiff shows (1) a clear right to the relief sought, (2) that the respondent has a clear duty to the

petitioner to perform the requested act, and (3) that no other adequate remedy is available. *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *In re Beard*, 811 F.2d 818, 826–27 (4th Cir. 1987). A writ of mandamus may only compel the performance of mandatory or ministerial duties by federal government officers and not discretionary duties. *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d at 138; *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998).

Here, at a minimum, there is no clear statutory duty that Defendant owes to Ms. Debela under the Mandamus Act. While 8 U.S.C. § 1158(d)(5)(A)(iii) states that asylum applications "shall be completed within 180 days" of filing absent exceptional circumstances, Congress explicitly stated that there was no private right of action to enforce that limit, stating that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). Without a private right of action, there is no "non-discretionary duty owed to asylum applicants to adjudicate applications within a specified timeframe." *Noumbissie v. Garland*, Case No. 22-cv-3357-RDB, 2023 WL 8600510, at *2 (D. Md. Nov. 1, 2023); *see Tawah v. Mayorkas*, Case No. 8:23-cv-2920-TJS, 2024 WL 2155060, at *2 (D. Md. May 14, 2024) ("Because there is no private right of action under § 1158(d) to enforce the asylum application timeframe, Defendants did not owe a 'clear nondiscretionary duty' to" the plaintiff). Thus, the Court lacks subject matter jurisdiction over Plaintiff's Mandamus Act claim.

The same result applies under the APA. The APA precludes judicial review if the agency action is committed to agency discretion by law. 5 U.S.C. § 701(a). Here, there are no APA provisions dictating an enforceable timeline to adjudicate asylum

applications. *See Tawah*, 2024 WL 2155060, at *3 ("Because the statutory timeframe is discretionary and there is no provision in the APA authorizing judicial review of asylum application adjudications that exceed 180 days, this Court lacks jurisdiction to review Ms. Tawah's APA claim."); *Noumbissie*, 2023 WL 8600510 at *2 (holding that plaintiff's APA claims "fare no better" than the parallel mandamus claims because "the timeframe for adjudicating asylum applications is discretionary, as the relevant statutes do not provide a specific timeframe in which applications should be adjudicated"); *see also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) ("[T]he only agency action that can be compelled under the APA is action legally *required*.").

## B.    Failure to State a Claim

Even if the Court had subject matter jurisdiction over Ms. Debela's claims, the Court would grant the motion to dismiss. The APA permits courts to compel an agency action if it is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To determine if a claim is unreasonably delayed, courts utilize the following "guidance" issued in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), which has since then come to be known as the "TRAC" factors:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[]"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety

5

> lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

750 F.2d at 80 (citations omitted). In her response, Plaintiff does not address the TRAC factors.

Here, the TRAC factors indicate that the delay in this case is not unreasonable. Under the first factor, USCIS's method of processing applications, which includes a "last in, first out" ("LIFO") policy and a backlog reduction effort, is a rule of reason "because it has helped the USCIS reduce its backlog." *See Noumbissie*, 2023 WL 8600510, at *3 (D. Md. Nov. 1, 2023) (citing *Zhang v.Cissna*, No. 18-9696, 2018 WL 3241187, at *4 (C.D. Cal. Apr. 25, 2019)); *Tawah*, 2024 WL 2155060, at *3. The LIFO policy "addresses the merits of the most recently filed asylum claims first to deter frivolous applications, while the backlog reduction effort processes the oldest applications." *Tawah*, 2024 WL 2155060, at *3.

Under the second factor, although section 1158(d)(5)(A)(ii) establishes an expected timeline for the asylum process, Congress specifically provided that those timeframes are not privately enforceable, 8 U.S.C. § 1158(d)(7), and gave the USCIS discretion to depart from them in exceptional circumstances, *id.* § 1158(d)(5)(A)(ii), "such as the current backlog." *Tawah*, 2024 WL 2155060, at *3 (quoting *Noumbissie*, 2023 WL 8600510, at *3).

Under the third and fifth factors, there does not appear to be a serious risk to human health or welfare or prejudice to Ms. Debela, especially since she may remain in the United States and is authorized to work while she awaits her interview.

Under the fourth factor, Ms. Debela seeks to force USCIS to reprioritize her application to the detriment of applicants that applied before her and to those with

"higher-priority asylum cases, such as those involving credible fear at the border and unaccompanied minors." *Tawah*, 2024 WL 2155060, at \*3; *Noumbissie*, 2023 WL 8600510, at \*3.

Under the sixth factor, there is no evidence of impropriety in the handling of Ms. Debela's claim, merely institutional backlog. *See Lajin v. Radel*, No. 19-cv-52-MMA, 2019 WL 3388363, at \*4 (S.D. Cal. July 26, 2019) ("[T]here is a substantial backlog of affirmative asylum applications that is stretching the agency's resources.").

### Conclusion

Because the Court lacks subject matter jurisdiction over Ms. Debela's claims and, regardless, the current delay in processing her asylum application is not unreasonable, the Court will grant Defendant's motion to dismiss.

A separate order follows.

Date:  March 12, 2026

_____/s/_____

Adam B. Abelson
United States District Judge

7